UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GIOVANNI RIGGI,

              Petitioner,

  -against-                                    MEMORANDUM AND ORDER
                                                  04 CV 3866 (ILG)
UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------x

GLASSER, United States District Judge:

       In a Memorandum and Order ("M&O") dated April 11, 2005, the Court denied the petitioner's writ which sought a writ of error coram nobis/audita querela pursuant to the "All Writs Act," 28 U.S.C. § 1651(a). If granted, the judgment of conviction following his plea of guilty to conspiracy to commit murder in aid of racketeering which was affirmed on appeal would have been vacated. Familiarity with that M&O is assumed.

       Thereafter, the petitioner filed a motion for reconsideration of the denial, once again, pursuant to the "All Writs Act." And once again, he persists in asserting that his plea was involuntary, but this time for a different reason. The relief sought before was bottomed upon his assertion that his plea was induced by his counsel's false promises that he would never be prosecuted for any other pre-1990 involvement in the racketeering enterprise known as the DeCavalcante Organized Crime Family. This motion for reconsideration is predicated upon his claim that his counsel ignored his protestations of innocence in advising him to plead guilty and advising him too, that

"irrespective of his claims, he could still be convicted and receive a life sentence for proceeding to trial." (Motion at 1). That advice, the petitioner asserts, violates the teaching of Bousley v. United States, 523 U.S. 614 (1998), namely, that a defendant be given "real notice of the nature of the charges against him."

      This motion might well be denied for the reason that, being ostensibly one for reconsideration, sets forth no matters or controlling decisions which the Court overlooked in the M&O denying his earlier petition. See Local Rule 6.3. It is based, instead, on a newly asserted ground for relief. The petitioner pleaded guilty on June 28, 1993, and the minutes of that occasion can leave no doubt that he knew precisely and understood clearly the crime to which he pleaded guilty (Tr. 22-28). His reluctance and ultimate absolute refusal to acknowledge that the DeCavalcante Organized Crime Family was the "enterprise" in the course of his plea allocution made up a good portion of the colloquy between him and the Court. His acknowledgment, ultimately, that he was a member of a "group of persons who were associated in fact, had an ongoing association with each other" for the purpose of engaging in criminal activity, which included an agreement to murder a person named Corky Vastola, was accepted as a basis for his plea. The minutes of that proceeding can leave no doubt as well that he was fully aware of the imprisonment which he faced. Thus, at page 9 of the transcript:

> The Court: Mr. Riggi, has Mr. Polak explained what the maximum term of imprisonment in your case would be?
>
> Mr. Riggi: Yes.
>
> The Court: Tell you that it's 20 years?
>
> Defendant Riggi: Yes, sir.

Mr. Riggi has provided no recognizably valid basis for an evidentiary hearing and given the record of the proceeding at which he pleaded guilty, there isn't any.

His motion for reconsideration is, therefore, denied.

SO ORDERED.

Dated: Brooklyn, New York
July 19, 2005

S/ _____

I. Leo Glasser

Copies of the foregoing memorandum and order were sent to:

Giovanni Riggi
12317-016
Box 879/Unit P2
Ayer, MA 10432

Jo Ann M. Navickas, Esq.
Assistant U. S. Attorney